# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL M. MOFFETT,

                Plaintiff,

v.

KEVIN CARR and SARAH COOPER,

                Defendants.

Case No. 23-CV-1184-JPS

**ORDER**

      Plaintiff Michael M. Moffett, an inmate confined at Fox Lake Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated Plaintiff's constitutional rights. ECF No. 1. On December 1, 2023, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 10. On January 5, 2024, Plaintiff filed an amended complaint. ECF No. 14. This Order screens Plaintiff's amended complaint.

1. **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

Defendant Kevin Carr ("Carr") is the Secretary of the Department of Corrections ("DOC") and Defendant Sarah Cooper ("Cooper") is the DAI Administrator of the DOC. ECF No. 14 at 3. Plaintiff is serving a mandatory life sentence without any option for release to extended supervision. *Id.* Pursuant to Wisconsin Administrative Code DOC § 309.466(1), a prisoner's institution deducts ten percent of all income earned or received for the benefit of the inmate into a "release account" for the inmate. *Id.* at 3–4. Once

released from prison, the funds in the account will be provided to the inmate. *Id.* at 4. Plaintiff takes issue with this procedure since his life sentence offers no option for release from prison. *Id.* Plaintiff believes he should be exempt from this requirement because he does not a have a release date, and the Department of Corrections is therefore permanently depriving him of the funds held in his release account. *Id.*

3. ANALYSIS

The Court finds that Plaintiff cannot proceed on a due process claim. In *Wield v. Raemisch*, 296 F. App'x 534 (7th Cir. 2008), the Seventh Circuit Court of Appeals upheld the dismissal of a complaint challenging the same issue—a Wisconsin inmate permanently deprived of his funds in the release account as a result of a life sentence. *Id.* at 535. The Court analyzed the claim under the Takings Clause of the Fifth Amendment. *Id.* Although the Court recognized that inmates have a property interest in their prison accounts, it held that the claim was not yet ripe because the plaintiff needed to seek compensation through state remedies before he could seek relief in federal court. *Id.* at 535–36. The Seventh Circuit clarified that the district court should have dismissed the complaint without prejudice. *Id.* at 536. Here, Plaintiff does not indicate that he has pursued his claim through state remedies, and the Court therefore finds that his claim is not yet ripe. As such, Plaintiff fails to state a due process claim in order to proceed with this case.

4. CONCLUSION

The Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the initial screening order, and the Court therefore finds that further

Page 3 of 5
Case 2:23-cv-01184-JPS   Filed 03/13/24   Page 3 of 5   Document 15

amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action without prejudice. *See Wield*, 296 F. App'x at 535–36.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.